

FILED
FEB - 6 2018
U.S. COURT OF
FEDERAL CLAIMS

# In the United States Court of Federal Claims

No. 17-1776C (Pro Se)
(Filed: February 6, 2018 | Not for Publication)

| | |
|---|---|
| LAVERN CHARLES FAST HORSE, <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES OF AMERICA, <br><br> Defendant. | Keywords: Pro Se Plaintiff; Subject Matter Jurisdiction; 42 U.S.C. § 1983; Clayton Antitrust Act; RICO. |

*Lavern Charles Fast Horse*, Indian Springs, NV, pro se.

*Mark E. Porada*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, with whom were *Claudia Burke*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, and *Chad A. Readler*, Acting Assistant Attorney General, for Defendant.

**OPINION AND ORDER**

**KAPLAN, Judge.**

    Plaintiff Lavern Charles Fast Horse is a member of the Oglala Sioux Tribe and an inmate at the Southern Desert Correctional Center in Nevada. In this case, acting pro se, Mr. Fast Horse has filed a complaint which asserts, among other things, that the Vatican "provides the United States . . . with funds" that Mr. Fast Horse believes belong to him and also that he is owed money on unspecified bonds issued pursuant to the protocols established by the Committee on Uniform Securities Identification Procedures (CUSIP). See Compl. at 3, Docket No. 1. He requests "a complete forensic auditing" of his bonds, id. at 4, and asserts claims against the United States under 42 U.S.C. § 1983; section 4 of the Clayton Antitrust Act, 15 U.S.C. § 15; and the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–68. See Compl. at 3. In addition, citing United States v. Brignoni-Ponce, 422 U.S. 873 (1975), he requests an award of compensatory damages against the federal government for being "part of this Ponce scheme." Compl. at 3. Finally, Mr. Fast Horse asks for awards of compensatory and punitive damages against any previous penal institution in which he has been incarcerated. Id. at 4.

    The government has filed a motion to dismiss Mr. Fast Horse's complaint for lack of jurisdiction in accordance with Rule 12(b)(1) of Rules of the Court of Federal Claims (RCFC). For the reasons set forth below, the government's motion is **GRANTED**.

7016 3010 0000 4308 3860

## DISCUSSION

In deciding a motion to dismiss for lack of subject matter jurisdiction, the court accepts as true all undisputed facts in the pleadings and draws all reasonable inferences in favor of the plaintiff. Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The court may "inquire into jurisdictional facts" to determine whether it has jurisdiction. Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991). It is well established that complaints that are filed by pro se plaintiffs, like this one, are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, even pro se plaintiffs must persuade the court that jurisdictional requirements have been met. Bernard v. United States, 59 Fed. Cl. 497, 499, aff'd, 98 F. App'x 860 (Fed. Cir. 2004).

Pursuant to the Tucker Act, the United States Court of Federal Claims has jurisdiction to "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a) (2012). The Tucker Act serves as a waiver of sovereign immunity and a jurisdictional grant, but it does not create a substantive cause of action. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008). A plaintiff, therefore, must establish that "a separate source of substantive law . . . creates the right to money damages." Id. (quoting Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part)).

As described above, Mr. Fast Horse seeks unspecified damages based on section 1983, the Clayton Act, and RICO. But this Court does not have jurisdiction to adjudicate claims brought under § 1983. Johnson v. United States, No. 97-5107, 1988 WL 39162, at *2 (Fed. Cir. Feb. 3 1998) (per curiam); Lowe v. United States, 76 Fed. Cl. 262, 266 (2007) ("[T]he United States Court of Federal Claims does not have jurisdiction over claims arising under 42 U.S.C.§ 1983 and may not adjudicate Plaintiff's claims arising thereunder."). Nor does this Court possess jurisdiction over antitrust claims brought under the Clayton Act because that Act specifically provides that a plaintiff may file such a claim only "in any district court of the United States in the district in which the defendant resides or is found or has an agent." 15 U.S.C. § 15(a); see also Estate of Grant v. United States, 134 Fed. Cl. 348, 357–58 (2017) ("[C]laims under the Clayton Act are outside the Court's jurisdiction because they are committed to the district courts."); Kabando v. United States, No. 14-562C, 2014 WL 4251548, at *2 (Fed. Cl. Aug. 28, 2014) (dismissing antitrust claims for lack of jurisdiction).

Mr. Fast Horse's claims predicated on RICO are also not within this Court's jurisdiction. Rather, subject matter jurisdiction over RICO claims is vested in United States district courts. See 18 U.S.C. § 1965(a) ("Any civil action or proceeding under this chapter against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs."); see also Barth v. United States, No. 17-635C, 2017 WL 2572378, at *3 (Fed. Cl. June 14, 2017) ("[T]his court lacks jurisdiction over plaintiff's claims related to

violations of the Racketeer Influenced and Corrupt Organizations Act . . . . ); Stanwyck v. United States, 127 Fed. Cl. 308, 315 (2016) ("[P]laintiff's claims based on RICO and other criminal code provisions are not within our subject-matter jurisdiction.").

Mr. Fast Horse's apparent allegation that the RICO conspiracy involving the United States implicates the Supreme Court's decision in Brignoni-Ponce is of no help in establishing this Court's jurisdiction. That case involved a Fourth Amendment challenge to motor vehicle stops by border patrol agents made without suspicion of wrongdoing. See 422 U.S. at 874–75. This Court does not possess jurisdiction over claims seeking damages based on the Fourth Amendment. See Brown v. United States, 105 F.3d 621, 623 (Fed. Cir. 1997) ("Because monetary damages are not available for a Fourth Amendment violation, the Court of Federal Claims does not have jurisdiction over a such a violation.").

Mr. Fast Horse's complaint also contains what appear to be claims against several popes and other Vatican officials, as well as private parties and state and local entities that he identifies as "previous penal institutions" in which he was apparently previously incarcerated. The Court does not possess jurisdiction to consider claims based on allegations of misconduct by foreign governments and their agents, because the Court only has jurisdiction to hear claims against the United States. See, e.g., Gharb v. United States, No. 13-89C, 2013 WL 6383083, at *1 n.1 (Fed. Cl. Dec. 6, 2013) ("Our court does not have jurisdiction over . . . claims against foreign governments."). It similarly lacks jurisdiction over claims brought against private parties. See e.g., Thompson v. United States, 99 Fed. Cl. 21, 25 (2011) (the Court "does not have jurisdiction over plaintiffs' breach of contract and fraud allegations against private parties"). And claims against state and local government entities are also outside of this Court's jurisdiction. See Krukowski v. United States, 129 Fed. Cl. 440, 443 (2016) (dismissing complaint asserting claims against local government officials for lack of jurisdiction).

Finally, as discussed above, Mr. Fast Horse requests a forensic accounting of the unidentified bonds. The Court of Federal Claims, however, lacks jurisdiction to grant such equitable relief absent a "concurrent colorable claim for monetary recovery." Wheeler v. United States, 11 F.3d 156, 159 (Fed. Cir. 1993) (quoting Bobula v. U.S. Dep't of Justice, 970 F.2d 854, 859 (Fed. Cir. 1992)); see also James v. Caldera, 159 F.3d 573, 580 (Fed. Cir. 1998) (holding that the "Court of Federal Claims has no power to grant affirmative non-monetary relief unless it is tied and subordinate to a money judgment" (quotation omitted)).

## **CONCLUSION**

Based on the foregoing, the government's motion to dismiss is **GRANTED** and the complaint is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

_____
ELAINE D. KAPLAN
Judge